```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
                             :       CRIMINAL ACTION
     v.                      :       NO. 03-430
                             :
WILLIAM HARRISON             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 17, 2006

Before the Court today are defendant William Harrison's pro se objections to the presentence investigation report ("PSI Report"). For the following reasons, all of defendant's objections except for one will be overruled.

I.   BACKGROUND

On July 8, 2004, defendant William Harrison was convicted of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

This case has been before the Court since July 10, 2003. The Court provided an extensive chronology and procedural history of the case in its February 7, 2006 Memorandum denying defendant's motion for acquittal and for reconsideration of the denial of his Rule 29 motion, United States v. Harrison, 2006 WL 287857 (E.D.Pa. 2006), and will not do so here.

Defendant submitted objections pro se to the

presentence investigation report, in January 2005.[1]  At defendant's sentencing hearing on March 21, 2006, the Court denied all of Mr. Harrison's objections on the record except for one, and found Mr. Harrison's total offense level to be 33, his criminal history category to be five, and the guidelines to recommend a period of custody of 210 to 262 months.  The Court sentenced Mr. Harrison to 210 months imprisonment, a five year period of supervised release, a fine of $1000, and a special assessment of $100.

On March 23, 2006, government counsel brought an error in the calculation of the defendant's criminal history score to the attention of the Court.  Because the Court sustained defendant's objection regarding the addition of two criminal history points for being on parole, the defendant had a total of nine criminal history points, and a criminal history category of four, not five.  The recommended period of imprisonment for an offense level of 33 and a criminal history category of four is 188 to 235 months, not 210 to 262 months.

On March 27, 2006, the Court vacated the sentence of defendant William Harrison upon the joint motion of the

---

[1] On March 16, 2005, the Court ordered defense counsel to file a supplemental brief in support of defendant's objections and assert any new objections by May 16, 2005.  No submission was made, and on November 14, 2005, defense counsel stated to the Court that Defense counsel also stated to the Court that defendant would be relying on defendant's pro se objections.

2

Government and the Defendant, and for arithmetical or other clear error pursuant to Federal Rule of Criminal Procedure 35(a).

On May 17, 2006, the Court held another sentencing hearing, and again denied all of Mr. Harrison's objections except for one. The Court sentenced Mr. Harrison to 188 months imprisonment, five years supervised release, a $1000 fine, and a $100 special assessment. This memorandum elaborates on the Court's reasoning for its decision.

II.   DEFENDANT'S OBJECTIONS

   A.   Objections Numbers One and Three

Defendant objected to paragraphs 29 and 30 of the PSI report, which calculate defendant's total offense level at 33 points based upon the conclusion that he is an armed career criminal within the meaning of U.S.S.G. § 4B1.4. The Court overruled these objections.

Defendant contended the jury only found him guilty of 18 U.S.C. § 922(g)(1) – one count of felon in possession – and never found that he was an armed career criminal. Thus, defendant argued, Apprendi and its progeny preclude the sentencing court from determining that he is an armed career criminal, and his total offense level should be the relevant base

offense level for felon in possession - 24.[2]  See U.S.S.G. § 2k2.1.

The sentencing court may appropriately conclude that the defendant is an armed career criminal within the meaning of U.S.S.G. § 4B1.4.  See U.S.S.G. § 4B1.4(a) ("A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.").  Section 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).[3]  The PSI Report states that the defendant

---

[2] The defendant actually argued for 26, but 24 is the base offense level stated in the PSI Report.

[3] (A) the term "serious drug offense" means--

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent

4

has two prior convictions for "serious drug offenses" and one prior conviction for a "crime of violence."

Although the Probation Officer's diction here is imprecise, two of defendant's prior offenses do constitute "serious drug offenses," and one constitutes a "violent felony" for the purpose of triggering the § 924(e) mandatory minimum of 15 years.  Section 924(e) refers to serious drug offenses and violent felonies, whereas U.S.S.G. § 4B1.2 refers to controlled substance offenses and crimes of violence.  "It is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance

---

<u>to</u> manufacture or <u>distribute, a controlled substance</u> (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), <u>for which a maximum term of imprisonment of ten years or more is prescribed by law</u>;

(B) the term "<u>violent felony</u>" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2).

offense' used in § 4B1.1 (Career Offender) . . . ." U.S.S.G. § 4b1.4, Application Note 1. The definitions to § 924 are found in Footnote #4.

The relevant question for the sentencing hearing was whether the defendant's prior convictions in paragraphs 38 and 39 constituted "serious drug offenses" and whether his conviction in paragraph 41 constituted a "violent felony." Only then could these offenses be predicate offenses that triggered the § 924(e) mandatory minimum.

The Government stated that the offenses stated in paragraphs 38 and 39 qualify as serious drug offenses because they were for distributing crack cocaine and carry a maximum sentence of 15 years imprisonment, and the conviction in paragraph 41 qualifies as a violent felony because it involved force against another person and was punishable by more than one year imprisonment. The Probation Officer stated that the statutory maximum for the para. 38 and 39 offenses (possession with intent to distribute a controlled substance) is 10 years.

<ins>Apprendi</ins> and its progeny specifically carved out prior convictions as exceptions to the general rule that facts which will be used to enhance a sentence beyond the "statutory maximum" must be submitted to a jury or admitted by the defendant. Moreover, recently, the U.S. Supreme Court implicitly approved the practice of a sentencing court determining whether a

defendant's prior convictions constitute § 924(e) predicate offenses.  See Shepard v. United States, 125 S.Ct. 1254 (2005)(specifying the sources to which a sentencing court may look to determine whether an offense constitutes a constitute § 924(e) predicate offense).

The government met its burden of showing that the defendant's predicate § 924(e) offenses meet the definitions of serious drug offense (for the paragraphs 38 and 39 offenses) and violent felony (for the paragraph 41 offense).  Accordingly, the Court determined that the defendant is an armed career criminal.

B.   Objection Number Two

Defendant objected to paragraph number 44, which proposed to increase his criminal history total two points because he was on parole when he committed the instant offense.  The Court sustained this objection.

Although it is permissible for a sentencing judge to engage in judicial fact-finding in determining the applicable advisory Guidelines Sentencing Range after U.S. v. Booker, 543 U.S. 220 (2005),[4] courts differ on the question of whether the

---

[4] See United States v. Miller, 417 F.3d 358, 362-63 (3d Cir. 2005) ("[I]n light of Booker the District Court on remand must employ the Guidelines as advisory precepts rather than as mandatory. . . . [In doing so] the District Court is free to engage in precisely the same exercise in judicial fact finding as it did in February 2003, so long as such fact finding is consistent with Booker."); United States v. Crosby, 397 F.3d 103

addition of criminal history points for a finding that the defendant was on parole when the offense was committed is proper. See United States v. Paz, 384 F. Supp.2d 806, 810 (E.D.Pa. 2005) (two criminal history points added because defendant was on parole).  But see United States v. Leach, 325 F. Supp. 2d 557, 561 (E.D. Pa. 2004) (Dalzell, J.) (holding that after Blakely v. Washington, 542 U.S. 296 (2004), a sentencing court was prohibited from finding that fact that a defendant was on probation at the time he committed the instant offense).

The Third Circuit has stated that a defendant's admission that he was on parole when the offense was committed may be sufficient to raise his criminal history points, but has not definitively ruled on the matter.  United States v. Spivey, 127 Fed. Appx. 30, 36 (3d Cir. 2005).  See also U.S. v. Copes, 2005 WL 2084351, at *5 n.2 (E.D.Pa. 2005) (addition of criminal history point because defendant was on parole was proper; defendant did not dispute that parole had not expired).

Because of the uncertainty surrounding the issue, the Court sustained defendant's objection to the addition of two additional criminal history points.

---

(2d. Cir.), abrogation on other grounds recognized by, United States v. Lake, 419 F.3d 111 (2d Cir. 2005) ("as a result of the remedy Opinion in Booker/Fanfan . . , the maximum lawful sentence is the statutory maximum sentence, and because judicial fact-finding under advisory guidelines cannot increase that lawful maximum, judicial fact-finding now encounters no Sixth Amendment difficulties.").

C.  Objection Number 4

The defendant objected to paragraphs 38, 39, and 41, stating that those offenses represent one conviction because they were related and were consolidated for sentencing.

This objection was overruled. The Guidelines Manual provides:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, Application Note 3.

The Probation officer found the crimes in paragraphs 38, 39, and 41 to be unrelated because each offense was separated by an underlying arrest. See the Table below. The Probation Officer did find the crimes in paragraphs 40 and 41 to be related because they were consolidated for sentencing, and it did not appear that an intervening arrest separated these crimes.[5] Therefore, the Probation Officer only assigned criminal history points to the offense in Paragraph 41, as it carried the longer

---

[5] It appears that the offense for Paragraph 41 took place on January 28, 1990 and the offense for Paragraph 40 took place on March 8, 1990. Because defendant was not arrested for the offense that took place on January 28, 1990 until January 1991, there was no intervening arrest between the two offenses.

sentence.  U.S.S.G. § 4A1.2(A)(2).

| PSI Rep. Para. # | Offense Date | Arrest Date | Date Sentence Imposed/ Disposition |
|---|---|---|---|
| 38 | 11/11/1988 | 11/11/1988 | 4/23/1991 |
| 39 | 7/14/1989 | 7/14/1989 | 4/23/1991 |
| 40 | 3/8/1990 | 3/8/1990 | 4/23/1991 |
| 41 | Either 1/28/1990 or 11/28/1990 (the P/O has provided conflicting information) | 1/16/1991 | 4/23/1991 |

The Court found that the offenses in paragraphs 38, 39, and 41 are not related because the defendant was arrested for each of the relevant offenses before he committed the next offense.

D.  Objection Number Five

The defendant objected to paragraph 23, which proposed to enhance his offense level two points because the firearm the defendant illegally possessed had an obliterated serial number. See U.S.S.G. § 2K2.1(b)(4) ("If any firearm was stolen, or had an altered or obliterated serial number, increase by 2 levels."). Defendant argued that this fact was not charged in the indictment.

10

The defendant was wrong. The superseding indictment plainly states that the defendant "knowingly possessed . . . a firearm . . . <u>with an obliterated serial number</u>." Thus, there is no Sixth Amendment problem with considering this fact to enhance the defendant's offense level, and the objection was overruled.

E.   <u>Objection Number Six</u>

The defendant objected to paragraphs 1, 2, 8, 29, 22, 23, 27, 29, 30, 38, 39, 41, 44, 71, 72. These objections were founded upon his objection to the entire <u>Guideline</u> scheme as unconstitutional.

After <u>Booker</u>, the Guidelines are now advisory, and were treated as such by the Court. The objection was overruled.

F.   <u>Objection Number Seven</u>

As to paragraphs 38, 39, 40, and 41, the defendant contended he pled guilty to misdemeanors and not felonies, and, therefore, he should not receive three criminal history points for each conviction.

Under U.S.S.G. § 4A1.2(b)(1) and 4A1.2, Application Note 2, the awarding of criminal history points is determined by the maximum sentence imposed and not whether the crimes are

designated as misdemeanors or felonies in the state.[6] For purposes of counting criminal history points, a "prior sentence of imprisonment exceeding one year and one month" warrants a 3-point increase to the defendant's criminal history total. U.S.S.G. § 4A1.1.

According to the Probation Officer, the defendant's

---

[6] U.S.S.G. § 4A1.2(b)(1) provides: "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." Application Note 2 to that section provides:

> To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time). See §§ 4A1.2(a)(3) and (b)(2). <u>For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g., in the case of a determinate sentence of five years, the stated maximum is five years; in the case of an indeterminate sentence of one to five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years; in the case of an indeterminate sentence for a term not to exceed the defendant's twenty-first birthday, the stated maximum is the amount of time in pre-trial detention plus the amount of time between the date of sentence and the defendant's twenty-first birthday)</u>. That is, criminal history points are based on the sentence pronounced, not the length of time actually served. See § 4A1.2(b)(1) and (2). A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed.

<u>Id.</u> (emphasis added).

convictions in paragraphs 38 and 39 each carried a maximum sentence of 10 years, the conviction in paragraph 40 carried a maximum sentence of 5 years, and the conviction in paragraph 41 carried a maximum sentence of 14 years. Moreover, the defendant served prison time for all those convictions. Therefore, each falls under § 4A1.1(a) (calling for a 3-point increase) because the sentence of imprisonment for each prior sentence exceeds one year and one month.

It should be noted that this conclusion is unaffected by the fact that certain of the state offenses under which the defendant was sentenced were called "misdemeanors." An offense can be labeled a "misdemeanor" by the state statute, but still warrant a three-point enhancement to the criminal history total under the Guidelines because the maximum sentence exceeds one year and one month. See, e.g., 18 Pa. Cons. Stat. Ann. § 1104 ("A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than: (1) Five years in the case of a misdemeanor of the first degree. (2) Two years in the case of a misdemeanor of the second degree. (3) One year in the case of a misdemeanor of the third degree."). Thus, a misdemeanor (1) or (2) under Pennsylvania law would qualify for a three-point enhancement under the Guidelines.

This objection was overruled.

III. CONCLUSION

        For the foregoing reasons, the Court overruled all of defendant's objections to the presentence objection report except for that as to paragraph 44. The objection as to paragraph 44, adding two criminal history points because the defendant was on parole when the instant offense was committed is sustained.