```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA          :
                                  :      CRIMINAL ACTION
      v.                          :      NO. 03-430
                                  :
                                  :      CIVIL ACTION
                                  :      NO. 09-4271
                                  :
WILLIAM HARRISON                  :

## O R D E R

**AND NOW**, this **28th** day of **April, 2010,** for the reasons provided in the accompanying Memorandum, it is hereby **ORDERED**:

1. Petitioner's motion to vacate/set aside/correct sentence, pursuant to 28 U.S.C. § 2255, (doc. no. 152) is **DENIED.**

2. Petitioner's petition will be **DISMISSED**

**IT IS FURTHER ORDERED** that a certificate of appealability[1] shall not issue and that this case shall be marked

---

[1] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

**CLOSED.**

       **AND IT IS SO ORDERED.**

                <u>S/Eduardo C. Robreno</u>
                **EDUARDO C. ROBRENO, J.**